UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY CO., LTD., YANCHENG TRINA SOLAR GUONENG SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR (SU QIAN) TECHNOLOGY CO., LTD., TRINA SOLAR YIWU TECHNOLOGY CO., LTD., TRINA SOLAR CO., LTD., TRINA SOLAR (YANCHENG DAFENG) CO., LTD., TRINA SOLAR SCIENCE & TECHNOLOGY (YANCHENG) CO., LTD., TRINA SOLAR (SUQIAN) OPTOELECTRONICS CO., LTD., TRINA SOLAR (CHANGZHOU) OPTOELECTRONIC DEVICE CO., LTD., CHANGZHOU TRINA SOLAR YABANG ENERGY CO., LTD., HUBEI TRINA SOLAR ENERGY CO., LTD., TURPAN TRINA SOLAR ENERGY CO., LTD., TRINA SOLAR (HEFEI) SCIENCE AND TECHNOLOGY CO., LTD., CHANGZHOU HESAI PV RIBON MATERIALS CO., LTD., CHANGZHOU HEWEI NEW MATERIAL TECHNOLOGY CO., LTD., CHANZHOU TRINA HEZHONG PV CO., LTD., AND CHANGZHOU TRINA PV RIBBONS MATERIALS CO., LTD., | Court No. 23-00219 |
| Plaintiffs, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Solar Guoneng Science & Technology Co., Ltd., Trina Solar (Su Qian) Technology Co., Ltd., Trina Solar Yiwu Technology Co., Ltd., Trina Solar Co., Ltd., Trina Solar (Yancheng Dafeng) Co., Ltd., Trina Solar Science & Technology (Yancheng) Co., Ltd., Trina Solar (Suqian)

- 1 -

**Court No. 23-00219**                                                                                                                 **Complaint**

Optoelectronics Co., Ltd., Trina Solar (Changzhou) Optoelectronic Device Co., Ltd., Changzhou Trina Solar Yabang Energy Co., Ltd., Hubei Trina Solar Energy Co., Ltd., Turpan Trina Solar Energy Co., Ltd., Trina Solar (Hefei) Science and Technology Co., Ltd., Changzhou Hesai PV Ribbon Materials Co., Ltd., Changzhou Hewei New Material Technology Co., Ltd., Changzhou Trina Hezhong PV Co., Ltd., and Changzhou Trina PV Ribbon Materials Co., Ltd. (collectively, "Trina"), by and through their counsel, allege and state as follows:

## JURISDICTION

1.  Plaintiffs bring this action pursuant to, and in accordance with, Section 516A(a)(2) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), contesting the final results issued by the U.S. Department of Commerce ("Commerce") in <u>Crystalline Silicon Photovoltaic Products From the People's Republic of China</u>, 88 Fed. Reg. 62770 (Dep't Commerce, Sept. 13, 2023) (final results of countervailing duty administrative review; 2021) ("<u>Final Results</u>"), as they apply specifically to Plaintiffs. This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

2.  Plaintiffs, Trina, are foreign producers and exporters of subject merchandise and were respondents in the administrative review that is contested here. Plaintiffs therefore are interested parties within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiffs, Trina actively participated in the administrative review through submission of factual information and/or written argument and thus are parties to the proceeding as defined in 19 C.F.R. § 351.102(b). As interested parties that actively participated in the underlying administrative proceeding, Plaintiffs have standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS**

3.  The subject Final Results, which are being challenged herein, were published in the Federal Register on September 13, 2023.  Final Results, 62770 (Dep't Commerce, Sept. 13, 2023).  On October 13, 2023, within 30 days after the publication of the subject final results, Plaintiffs filed a summons to initiate this action.  Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(B)(iii).  This Complaint is being filed within 30 days after the date on which the summons was filed.  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

**STANDARD OF REVIEW**

4.  This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1675(a) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

**PROCEDURAL HISTORY**

5.  On February 18, 2015, Commerce published in the Federal Register the final countervailing duty order covering crystalline silicon photovoltaic products from the People's Republic of China.  See Crystalline Silicon Photovoltaic Products From the People's Republic of China, 80 Fed. Reg. 8,592 (Dep't Commerce February 18, 2015) (countervailing duty order, and amended final countervailing duty determination and countervailing duty order) (hereinafter "CVD Order").

6.  On February 28, 2022, pursuant to Commerce's notice of opportunity to request an administrative review, Trina Solar (Changzhou) Science and Technology Co., Ltd., filed a timely request for Commerce to conduct an administrative review.  See Antidumping or

Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review, 87 Fed. Reg. 7712, 7114 (Feb. 8, 2022), Letter from Trade Pacific PLLC to Sec'y Commerce, re: "Crystalline Silicon Photovoltaic Products from the People's Republic of China - Request for Administrative Review" (Dep't Commerce Feb. 28, 2022).

7. On April 12, 2022, Commerce published a notice initiating the seventh countervailing duty administrative review of solar products from the PRC covering the period December 1, 2021, through December 31, 2021. Initiation of Antidumping and Countervailing Duty Administrative Reviews, 87 Fed. Reg. 21,619 (Dep't Commerce Apr. 12, 2022). ("Initiation Notice"). Specifically, Commerce initiated an administrative review of the countervailing duty rate of Trina Solar (Changzhou) Science & Technology Co., Ltd.

8. In the Preliminary Results, Commerce added international delivery charges to construct the benchmarks to measure the adequacy of remuneration of Trina's purchases of various production inputs, including polysilicon, solar glass, and aluminum extrusions. See Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China, 88 Fed. Reg. 14,331 (Dep't Commerce Mar. 8, 2023) (preliminary results of countervailing duty administrative review; 2021) ("Preliminary Results"), and accompanying Decision Memorandum for the Preliminary Results of the Countervailing Duty Administrative Review, Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China; 2021 (Feb. 28, 2023), at 17 ("Prelim. Decision Memo"). Specifically, in the Preliminary Results, Commerce calculated a benchmark for international freight by averaging data from two sources of ocean freight pricing during the POR: Descartes and Xeneta. Id.

9. In the Preliminary Results, Commerce calculated an ad valorem countervailing duty rate of 8.75 percent for Trina.

10. On August 10, 2023, Commerce issued a post-preliminary results decision

memorandum, in which it determined that certain Trina entities were uncreditworthy, and in which it calculated a benefit for new subsidy allegations, including the alleged provision of silicon wafers for LTAR and the alleged provision of international ocean shipping for LTAR. See Decision Memorandum for the Post-Preliminary Results of the Administrative Review of the Countervailing Duty Order on Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China; 2021 (Aug. 10, 2023), at 3, 12–14. As a result of these determinations, Commerce calculated an ad valorem subsidy rate for the post-preliminary results of 9.68 percent for Trina.

11. On August 18, 2023, Plaintiffs submitted a case brief for Commerce's consideration prior to issuing the Final Results. In its Case Brief, Trina made various arguments for Commerce's consideration, including contesting Commerce's calculation of the benchmark for ocean freight that was used to calculate the benefit for Trina's alleged purchases of various production inputs for less than adequate remuneration ("LTAR"). Specifically, Trina argued that Commerce's benchmark calculations should not have averaged the Descartes ocean freight data with the Xeneta data because the Descartes data is not reflective of a "world market price" since it only includes prices between ports located on the East Coast of the United States and Shanghai, China. Trina's case brief incorporated those arguments by reference in its case brief to the extent they do not conflict directly with arguments made by Plaintiffs.

12. On the same day, the Government of China filed a case brief making various arguments for Commerce's consideration, including Commerce's decision to countervail the alleged provision of certain inputs for LTAR based on adverse facts available ("AFA") and Commerce's application of AFA to the alleged provision of electricity for LTAR.

13. The petitioner, the American Alliance for Solar Manufacturing, also filed a case

brief on August 18, 2023. However, the petitioner did not argue that Commerce should alter the benchmark calculations for the various inputs to exclude Xeneta ocean freight benchmark data.

14. On August 25, 2023, Plaintiffs submitted a rebuttal brief in response to certain arguments made by the petitioner, and they incorporated the rebuttal arguments made by other respondents to the extent that they did not conflict directly with arguments made by Plaintiffs.

15. On September 13, 2023, Commerce published in the final results of the seventh administrative review of the countervailing order on crystalline silicon photovoltaic products from the People's Republic of China. See Final Results, 88 Fed Reg. at 62,770.

16. In the Final Results, Commerce made certain determinations regarding the nature and calculation of the benefit received by Plaintiffs through LTAR programs on solar glass, polysilicon, aluminum extrusions, and solar wafers. To construct the ocean freight benchmark for the provision of these inputs for LTAR in the Final Results, Commerce relied exclusively on the ocean freight data published by Descartes reasoning that the record does not establish that the Xeneta data includes certain surcharges, including fees for U.S. port congestion, a Panama Canal surcharge, emergency fuel surcharges, and a peak season surcharge. See Issues and Decision Memorandum for the Final Results of the Administrative Review of the Countervailing Duty Order on Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China; 2021 (Sept. 5, 2023), at 26–27 ("Final Decision Memo"). In other words, Commerce reversed its decision in to average Xeneta ocean freight pricing data with Descartes ocean freight pricing data the Preliminary Results, and it instead added ocean freight to the benchmark prices for these various inputs based exclusively on ocean freight benchmark pricing published by Descartes.

17. In excluding the Xeneta ocean freight data, Commerce reasoned that, without evidence that surcharges are included in the Xeneta ocean freight data, the Xeneta data are not

reflective of market conditions an importer would actually pay for importation since they do not include these surcharges. Id. As a result of these changes in the Final Results, Commerce calculated a final ad valorem overall CVD rate for Trina of 13.21 percent. Final Results, 88 Fed. Reg. at 62,771.

**ISSUES PRESENTED BY THE ACTION AND
PLAINTIFFS' STATEMENT OF CLAIMS**

18. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's Final Results in its countervailing duty administrative review are not supported by substantial evidence, and are otherwise not in accordance with law.

**COUNT ONE**

19. Paragraphs one through eighteen are incorporated herein by reference.

20. Commerce's decision to base its calculation of international ocean freight charges in its calculation of the benchmarks to measure the adequacy of remuneration of various inputs, including polysilicon, solar glass, aluminum extrusions, and solar wafer exclusively on the Descartes ocean freight data is not supported by substantial evidence and otherwise not in accordance with law.

**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

For the reasons stated above, Plaintiffs respectfully request that the Court:

(a) enter judgment in Plaintiffs' favor;

(b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of the margin for Trina; and

**Court No. 23-00219**                                                        **Complaint**

    (d)    provide such other relief as the Court deems just and proper.

        Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
Kenneth N. Hammer
MacKensie R. Sugama

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC  20002
Tel:  (202) 223-3760
jfreed@tradepacificlaw.com

Counsel for Plaintiffs

October 13, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE

**Trina Solar Co., Ltd. et al. v. United States, Court No. 22-00219**

**CERTIFICATE OF SERVICE**

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I, Jonathan M. Freed, hereby certify that on this 13th day of October, 2023, copies of the foregoing (1) Summons; (2) Form 5 Information Statement; (3) Form 11 Notice of Appearance; (4) Form 13 Disclosure of Corporate Affiliations and Financial Interest; (5) Form 17 Business Proprietary Information Certifications; and (6) Complaint were served by certified mail, return receipt requested, on the following parties:

**On behalf of The United States of America:**

Attorney-in-Charge
U.S. DEPARTMENT OF JUSTICE
International Trade Field Office
Commercial Litigation Branch - Civil Division
26 Federal Plaza – Room 346
New York, NY  10278

Jeanne Davidson, Esq.
Director
Commercial Litigation Branch – Civil Division
U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Room 12124
Washington, DC  20530

General Counsel
U.S. DEPARTMENT OF COMMERCE
14th Street & Constitution Avenue, NW
Room 5875
Washington, DC  20230

Chief Counsel
Office of the Chief Counsel for Trade Enforcement & Compliance
U.S. DEPARTMENT OF COMMERCE
14th Street and Constitution Ave., NW
Room 3622
Washington, DC 20230

**On other counsel that represented interested parties before the U.S. Department of Commerce in the contested determination:**

Thomas M. Beline, Esq.
CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW, Ste. 400
Washington, DC 20006
Email: tbeline@cassidylevy.com

Laura El-Sabaawi, Esq.
WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
Email: lel-sabaawi@wiley.law

Bardy W. Mills, Esq.
MORRIS, MANNING & MARTIN, LLP
1401 I Street, NW, Suite 600
Washington, DC 20005
Email: bmills@mmmlaw.com

Yangfan Xie
EMBASSY OF THE PEOPLES REPUBLIC OF CHINA
Economic and Commercial Office
2133 Wisconsin Avenue, NW
Washington, DC 20007
Email:  xieyangfan@mofcom.gov.cn

/s/ Jonathan M. Freed
Jonathan M. Freed
TRADE PACIFIC PLLC