Slip Op. 23-174

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY CO., LTD., *ET AL.*,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br><br>    Defendant-Intervenor. | Before: Jane A. Restani, Judge<br><br>Court No. 23-00219 |

## MEMORANDUM AND ORDER

[Defendant's Motion for Remand is granted.]

Dated: December 12, 2023

Kenneth Neal Hammer, Trade Pacific PLLC, of Washington, DC, for Plaintiffs. With him on the complaint were Jonathan M. Freed and MacKensie R. Sugama.

Joshua E. Kurland, Senior Trial Counsel, Commercial Litigation Branch, U.S. Department of Justice, of Washington, DC, for the Defendant. With him on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Ashlande Gelin, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Laura El-Sabaawi, Wiley Rein, LLP, of Washington, DC, for Defendant-Intervenor.

      Before the court is a consent motion to remand to the United States Department of Commerce ("Commerce") in Trina Solar (Changzhou) Science & Technology Co., LTD v. United States. Defendant's Affirmative Motion for Remand, ECF No. 23 (Dec. 11, 2023). All parties in this case consent to this motion. See Def.'s Affirmative Mot. for Remand at 2. Upon consideration

of the motion the court remands, with additional guidance as welcomed by the Government. Id. at 8.

The sole issue raised in this case is the ocean freight benchmark for calculation of a subsidy based on less than adequate remuneration ("LTAR"). On remand, Commerce should consider the court's ruling in Risen Energy Co. v. United States, Slip Op. 23-48, 2023 WL 2890019 (CIT Apr. 11, 2023), as well the court's other rulings on the ocean freight issue. See e.g., Risen Energy Co. v. United States, 570 F. Supp. 3d 1369, 1372 (CIT 2022). Commerce should additionally consider the statutory preference for a broadly based ocean freight rate for an LTAR benchmark. If other factors outweigh that interest here and compel the use of a single rate source, Commerce should explain with as much numerical evidence as possible why that is appropriate. In the absence of the ability to concretely explain a strong reason for a single rate source, Commerce should use a multiple route data base with such adjustments as are necessary and possible.

For the forgoing reasons, the court **GRANTS** the motion to remand.

/s/ Jane A. Restani
Jane A. Restani. Judge

Dated: December 12, 2023
      New York, New York